Cornerstone Health Care, P.A. v. Moore, 2015 NCBC 62.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF GUILFORD                        15 CVS 604

| | | |
|---|---|---|
| CORNERSTONE HEALTH CARE, P.A., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SLADE MOORE, M.D. and MARSHALL | ) | |
| CRAIG HALL, M.D., | ) | |
| Defendants. | ) | |

{1}    THIS MATTER is before the Court on Defendants' Objection and Opposition to Designation as Mandatory Complex Business Case and Motion to Remand ("Opposition"). For the reasons stated below, the Court finds that the Opposition is meritorious, the case should continue on the regular docket of the Superior Court of Guilford County, and this Court's April 28, 2015 Assignment Order assigning the case to the Honorable Louis A. Bledsoe, III should be vacated.

> *Williams Mullen, by Michael C. Lord, for Plaintiff,*
>
> *Wilson Helms & Cartledge, LLP, by G. Gray Wilson and Lorin J. Lapidus for Defendants.*

Gale, Chief Judge.

{2}    Plaintiff Cornerstone Health Care, P.A. ("Cornerstone") initiated this action by filing its Complaint in the Superior Court for Guilford County on April 24, 2015.

{3}    That same day, Plaintiff filed a Notice of Designation, seeking to have the case designated as a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45.4(a)(5) on the basis that the action involves a material issue related to the ownership or use of intellectual property and pursuant to N.C. Gen. Stat. § 7A-45.4(a)(6) on the basis that the action involves a dispute involving trade secrets.

{4}    The Notice of Designation was based on N.C. Gen. Stat. § 7A-45.4 as amended as of October 1, 2014 (commonly referred to as the "Business Court Modernization Act").

{5}    On April 28, 2015, Chief Justice Mark Martin entered a Designation Order directing the undersigned to assign the case to a business court judge to be handled as a

mandatory complex business case. That same day, the undersigned issued an Assignment Order assigning the case to the Honorable Louis A. Bledsoe, III.

{6}     Defendants timely filed the Opposition on May 22, 2015, contending that the action does not, in fact, fit within the categories of cases enumerated in N.C. Gen. Stat. § 7A-45.4(a)(5) and 7A-45.4(a)(6), that the Notice of Designation was therefore not proper, that the case should not be designated as a mandatory complex business case, and that it should proceed on the regular docket in the Superior Court of Guilford County.[1]

{7}     Plaintiff timely filed its Response in Opposition to Defendants' Motion to Remand on June 5, 2015.

{8}     On June 8, 2015, Defendants filed a Motion for Leave to File Reply Brief to Plaintiff's Response in Opposition to Defendants' Motion to Remand, with the proposed reply brief attached.  The Court finds good cause to allow a reply brief and hereby allows and accepts the Defendants proposed reply brief as part of the record in this action.

{9}     The proper issue before the Court is whether the action does or does not satisfy the statutory definition of a mandatory complex business case.  The Court need not and does not further address Defendants' argument that Plaintiff has engaged in improper "forum shopping" because of its failure to secure early injunctive relief in an earlier action, Guilford County No. 15 CVS 282 ("282 Action"), which Plaintiff then dismissed pursuant to Rule 41.

{10}     The Court has carefully reviewed the Complaint in this action and finds the following parts of it to be significant on the question of whether the case is a mandatory complex business case:

  a. In paragraph 6, Plaintiff asserts that its success depends, in part, on "exclusive possession of confidential and proprietary information;"

  b. In paragraph 8, Plaintiff alleges that it has "developed specific information about its operations that is confidential and not otherwise generally known to the public;"

  c. In paragraph 11, Plaintiff alleges that this confidential information includes, in part, "current technologies, business practices and strategies;"

---

[1] Defendants ask that the Court "to remand" the matter to Guilford County Superior Court.  The case has never been removed from that court, and should the case proceed as a mandatory complex business case, it would remain venued in Guilford County and Judge Bledsoe would proceed as a special superior court judge assigned for purposes of the case to Guilford County Superior Court.

d. In several paragraphs, Plaintiff alleges that Defendants entered contracts agreeing not use or divulge Plaintiff's confidential information and containing covenants not to compete within a defined geographic area;

e. In paragraph 35, Plaintiff alleges that Defendants "left Cornerstone for a competitor and because of the similarity of his work for the two practices, it is inevitable that the Doctors will use or disclose (or have used or disclosed) Cornerstone's confidential and proprietary information in violation of their confidentiality promises;"

f. In paragraph 39, Plaintiff alleges that it will suffer irreparable harm from "the disclosure and use of Cornerstone's confidential and proprietary information by a direct competitor;"

g. The Complaint asserts two causes of action, the First Claim for breach of contract and the Second Claim seeking a declaration as to whether Defendants are entitled to deferred compensation;

h. The term "trade secrets" is not mentioned in the Complaint at any time;

i. The Complaint asserts no cause of action pursuant to the North Carolina Trade Secrets Act, N.C. Gen. Stat., Chapter 66; and

j. The claims are grounded on contract: while the Complaint refers to Plaintiff's competitor in paragraphs 35 and 39, Plaintiff asserts no claim of unfair competition and does not refer to laws restricting unfair competition.

{11} Prior to the Business Court Modernization Act, N.C. Gen. Stat. § 7A-45.4(a)(4) allowed designation of a complex business case on the basis that it included a material issue related to "[s]tate trademark or unfair competition law, except claims based solely on unfair competition under G.S. 75-1.1." The Business Court Modernization Act deleted express reference to unfair competition, and designation as a mandatory complex business case under that particular subsection is now restricted to disputes involving trademark law.

{12} Prior to the Business Court Modernization Act, N.C. Gen. Stat. § 7A-45.4(a)(5) made no specific reference to trade secrets, although it did refer to disputes involving "intellectual property law." The Business Court Modernization Act added N.C. Gen. Stat. § 7A-45.4(a)(8) which includes disputes involving trade secrets and amended N.C. Gen. Stat. § 7A-45.4(a)(5) to include specific reference to software, information technology, and data systems and security when referring to intellectual property disputes.

{13}     N.C. Gen. Stat. § 7A-45.4 does not now and has never included any provision expressly allowing designation of an action as a mandatory complex business case based on claims involving generalized confidential or proprietary information.

{14}     This Court has historically handled cases designated as complex business disputes which involved employment agreements including restrictive covenants. In general, it has done so only where the allegations include a claim that the employee or contracting party misappropriated trade secrets in addition to violating the contract or restrictive covenant. In general, the Court has not been assigned cases involving employment contracts without either this further allegation of trade secret misappropriation or allegations that the circumstances of the case rise to the level of common law unfair competition. Prior to October 1, 2014, this distinction was based on the notion that the involvement of trade secrets brought a claim within the "intellectual property law" provision of N.C. Gen. Stat. § 7A-45.4(a)(5).

{15}     The Court has not historically been assigned cases based on the assertion of more generalized allegations of the employer's loss of confidential or proprietary information. Certainly, evidence of that nature may be involved in any case concerning an an alleged violation of a restrictive covenant contained within an employment contract because such evidence is necessary to support the employer's need for the restrictive covenant. But that evidence was not the basis on which cases were assigned as mandatory complex business disputes.

{16}     The inquiry of whether a case involves the requisite disputes falling with the statutory requirements has not been historically confined to the actual causes of action asserted in a complaint, but has also examined the underlying factual allegations. For example, in his ruling based on the statute prior to the amendments made by the Business Court Modernization Act,  then Chief Business Court Judge John R. Jolly upheld designation of a case as a mandatory complex business case under N.C. Gen. Stat. §§ 7A-45.4(a)(4) and (a)(5) where the complaint included only a breach of contract claim but the factual allegations contained extensive express references to trade secrets and detailed specifications of what the employer considered to be its trade secrets. *Union Corrugating Co. v. Viechnicki,* 14 CVS 6240 (Cumberland County)(September 9, 2014 Order). In the face of those allegations, Judge Jolly rejected the assertion that in such circumstances the case should be considered only a "straightforward contract action." *Id.* at ¶ 2.

{17} All argue that Judge Jolly's Order supports their position. Plaintiff, being represented by the same counsel as Union Corrugating, asserts that the allegations and claims in that case and this one are not significantly different. Defendants argue the opposite is true.

{18} Judge Jolly's Order was consistent with the historical practice of this Court described above. At least as far as assertions of intellectual property are concerned, the Court believes that the Business Court Modernization Act is fully consistent with the Court's historical practice. The Court need not now address and reserves for another day whether the Business Court Modernization Act affects whether a case can be designated as a mandatory complex business case on the basis that employee raids rise to the level of common law unfair competition.

{20} More specifically, as to the present case, the Court concludes as follows:

a. There is a significant difference in the Complaint in this action and the Complaint in *Union Corrugating;*

b. The Complaint in the present action does not include allegations that allow designation of the case as a mandatory complex business case under N.C. Gen. Stat. § 7A-45.4(a);

c. While the Notice of Designation improperly asserted that the claims include trade secrets or other intellectual property within the meaning of either N.C. Gen. Stat. § 7A-45(a)(5) or N.C. Gen. Stat. § 7A-45(a)(8), the Complaint, in fact, does not include such allegations;

d. Chief Justice Martin designated the case as a mandatory complex business case and the undersigned assigned the case to Judge Bledsoe based upon Plaintiff's assertion of such intellectual property or trade secrets;

e. Accordingly, the basis on which Plaintiff should designate as a mandatory complex business case is without foundation and the case should not proceed as such a case but should proceed on the regular docket of the Superior Court of Guilford County; and

f. The April 28, 2015 Assignment Order assigning the case to Judge Bledsoe should be vacated.

IT IS SO ORDERED this 22nd day of June, 2015.

/s/ James L. Gale
James L. Gale
Chief Special Superior Court Judge for
Complex Business Cases